MOLINAR, MARQUES          TR. CT. NO. 2013-437,035-A          WR-83,242-01
                                                                  83,242-01

DEAR ~~ABEL ACOSTA OR~~ WHOM IT MAY CONCERN at the Court of Criminal Appeals of Texas,

      ON MAY 04, 2015 I RECIEVED RE: EX PARTE: Marques D. MOLINAR Trial Court Writ No. 2013-437,035-A.

      Barbara Sucsy THE DISTRICT clerk FOR LUBBOCK, TX wrote Ms. ms. Pearson at Austin Court of Criminal Appeals a letter stating:

      Dear Ms. Pearson,

            Enclosed is THE TRANSCRIPT FOR 11.07 WRIT of Habeas Corpus in THE ABOVE Referenced cause FOR FILING At the court of criminal Appeals.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

                              Sincerly,
                              Barbara Sucsy
                              District Clerk (Lubbock Co, Tx)
                              (DATED April 29, 2015)

: AND included with this WAS a PAGE TITLED: VOLUME I of I INDEX : AND UPON REVIEW OF THE INDEX, I OBSERVED NO DOCumented "REQUEST FOR DESIGNATION OF THE RECORD ON APPEAL" (MOTION), NOR THE "SEARCH WARRANT (OR) SEARCH Warrant Affidavit" which i sent IN with the "APPLICATION FOR A writ of HABEAS CORPUS SEEKING RELIEF FROM Final FELONY CONVICTION UNDER CODE OF CRIMINAL Procedure Article 11.07," as well as "DEFENDANT MARQUES D. MOLINAR'S MOTION FOR HEARING PURSUANT TO FRANKS V. Deleware, 438 U.S. 154 (1973)," and "MOTION TO SUPPRESS EVIDENCE." THERE IS NO DOCUMENTED "REQUEST FOR DESIGNATION OF THE RECORD ON APPEAL" NOR IS THERE A DOCUMENTED ON THE "INDEX" a "Search warrant OR Search warrant Affidavit" which i SENT IN with EVERYTHING LISTED ABOVE which is DOCUMENTED IN THE INDEX, SO, I AM WITH THIS LETTER ATTACHING A COPY OF THE "REQUEST FOR DESIGNATION OF THE RECORD ON APPEAL"

                    page 1 of 1

and a COPY OF THE "Search Warrant and Search Warrant AFFiDAViT" as well as the complete "Memerandum of Law iN Support of Article 11.07" which was originally sent to BARBARA Sucsy THE District CLERk OF THE LuBBock County Courthouse on April 8, 2015.

Also i AM Sending a copy of THE "Petitioners OBJections TO THE STATES Response Findings OF FACT AND conclusions of Law which was ALso sent in to BARBARA Sucsy on around or before May 11, 2015.

I AM sending THIS ALL iN JUST TO MAKe sure YALL Recieved EVERYTHING THAT IVE SENT iN TO BARBARA Sucsy THE District Clerk OF THE Lubbock County Courthouse because OF THE MiSSiNG Documents i EXPLAiNeD EARLiER iN ~~THIS~~ THiS LETTER. ALso is ENClosed an unsworn Decleration with each document.

Signed ___15___ day of ___May___, 2015

RESPECTFuLLY SuBMiTTeD,
Marques Molinar
PETiTioNer FiLiNG Pro' Se
1620 FM 3344
Jacksboro, TX 76458

Cause no. 2013-437,035-A        WR-83,242-01

No. 2013-437,035-A                    137th District Court
  Pro'Se                                OF
Marques D. Molinar                  Lubbock County, Texas

Volume I of I

# INDEX

|  | PAGE |
|---|---|
| 1. INDEX | 1 |
| 2. Memorandum of law in support of Article 11.07 | 2 |
| 3. Search Warrant | 11 |
| 4. Search Warrant Affidavit | 13 |
| 5. DEFENDANTS Marques D. Molinar's motion for Hearing Pursuant to Franks V. Deleware, 438 u.s. 154 (1978) | 17 |
| 6. Request for Designation of the Record on Appeal | 19 |
| 7. Motion to Suppress Evidence | 22 |
| 8. Petitioner Objections to the States Response Findings of Fact and Conclusions of Law | 25 |
| 9. Unsworn Decleration (last page) | 29 |

1.

Marques D. Molinar
Vs.
State of Texas

In the 137th District
Court of
Lubbock Co. Texas

## *MEMORANDUM OF LAW IN SUPPORT OF ARTICLE 11.07*

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the petitioner MARQUES D. MOLINAR by and through the provision of Article 11.07 to show this court the following:

In a violation of the 4th, 5th, 6th, and 14th amendments to the United States Constitution Article 1 section 9,10, and 19 of the constitution of the State of Texas and chapter 14 and Articles 38.21, 38.22, and 38.23 of the Texas Code of Criminal procedure. The petitioner was a victim of an illegal search and seizure when a search warrant was gained upon the basis of fraud; where false statements made by an affiant hereinafter called Officer Walter Scott #18644, resulted in the illegal gathering of evidence used as the sole grounds of the prosecution hence pursuit to the rulings of FRANKS VS. DELAWARE, 438 U.S. 154 (1978). It is within the constitutional interest to safeguard individual rights and freedoms from unlawful home invasion. Therefore the petitioner moves this court to grant him a Franks Hearing on the truthfulness of statement in the search warrant affidavit.

### STATEMENT OF CASE

The Petitioner was convicted of the offense of unlawful possession of Methamphetamine with intent to deliver 4-200 grams and was sentenced to twenty five (25) years in TDCJ-ID enhanced.

### ISSUES IN REVIEW

I.    Excluded physical evidence of probable cause.

II.   The search warrant AFFIDAVIT provided false and incomplete data; incomplete information which was turned over to the magistrate was fundamentally defective.



III. Without notice of the time, date, and location of the alleged drug purchase in the search warrant denied the petitioner an opportunity to enter a alibi defense or to obtain witnesses in his favor as offered in the 6TH AMENDMENT OF THE U.S. CONSTITUTION.

## STATEMENT OF FAULTS

The pursuant to an invalid search warrant. Officers of the Lubbock Police Department made a dynamic entry into the petitioner's residence seized various items and killing the petitioners' dog with some well-placed rounds.

The evidence subsequently obtained was illegally obtained and should be suppressed as fruit of a poisonous tree under well established 4th Amendment doctrine. WONG SUN V. UNITED STATES 371 U.S. 471 (1963).

The search warrant very well stated that the petitioner was involved in a controlled purchase on NO ACTUAL DAY, NO DIRECT TIME, and NO SPECIFIC LOCATION. Also there is NO WAY TO VERIFY THE ALLEGED SUBSTANCE submitted to the department of public safety laboratory or the said THREE HUNDRED DOLLARS withdrawn from the Lubbock Police Department fund, due to NO INVENTORY OR TRANSACTION NUMBERS stated in 5.d of the search warrant affidavit. NOR IS THERE ANY DOCKET # OR CASE # ON THE AFFIDAVIT OR SEARCH WARRANT TO TIE THEM TOGETHER, OR TO TIE TO ANY POLICE REPORT OR ANY OTHER REPORT AT THAT. Consequently, traveling to an undisclosed location not named (stated in 5.d) of the search warrant affidavit could have been anywhere, outside the court's jurisdiction. Therefore the search warrant very well could cause the magistrate to exercise power it is not authorized to perform.

A fiduciary charged with the duty of a full disclosure concealment of material facts needed to verify the underlining grounds used for probable cause is extrinsic fraud (see) MONTGOMERY V. KENNEDY, 669 S.W. 2D309 (1984). Concealment of material facts used vs. to cover up fraud and prevent the petitioner from presenting at trial his legal right to affirmatively assert an alibi defense (see) WILLIAMS V. FLORIDA 399 U.S. 780 (1970).

-3.-

<u>ISSUES OF FACT</u>

The fact issues herein are; the search warrant does <u>NOT</u> provide a <u>DATE,</u> <u>TIME, OR LOCATION</u> of the alleged controlled purchase or <u>DOES NOT PROVIDE ANY WAY TO</u> <u>CONFIRM THE SUBSTANCE</u> stated submitted to the D.P.S. Laboratory due to the fact that the court would at least need the <u>DATE AND TIME IT WAS SUBMITTED</u> (or) the <u>FILE</u> <u>NUMBER</u> of the inventory as stated in 5.d of the search warrant affidavit.

Clearly the affiant constructively took time to carefully cover up the $300.00 from the Lubbock Police fund which is why **HE FALSLY CREATED THE FAKE CONTROLLED PURCHASE**.

The courts have general power to hear and determine issues of facts and in doing so decide which evidence is true and which is false.

A search warrant serves two functions: (<u>FIRST</u>) it gives the officer jurisdiction to enter, search, and seize property; (<u>SECONDLY</u>) it satisfies the due process requirement by providing notice to the defendant of what probable cause gave birth to the right to enter and search. Thus the probable cause cannot be based on false information. (See) <u>FRANKS V. DELAWARE 438 U.S. 154 (1978); CATES V. STATE, 120 S.W. 3D 359 (2003)</u>.

There is no place, date, nor time to establish the existence of the alleged controlled purchase, clearly to cover-up fraud on the court the prosecutor waived the fraudulent evidence said to be at the D.P.S. Laboratory when real evidence was gained as the fruit of the illegal search. Probable cause for the search warrant cannot be justified on what the search produces (see) <u>BYARS V. U.S. 28, 29, S. CT. 248. 71 L.ED. 520</u>.

The Legality of the search may not be determined from the fruits alone without proof of probable cause.

The underlining grounds the affiant used for probable cause which resulted from the described undercover operation named in the search warrant. Thus if it were not for the said fruit of the transaction no probable cause would exist. The only way to ascertain the truth of the allegation made by the affiant would be to

offer proof showing the fruit of the transaction. Such which cannot be confirmed do to no tracking number.

The affiant obviously did not want anyone to track his course of action or attempt to verify the said substance allegedly submitted to the Department of Public Safety Laboratory, when he did not name the location, date, or time of the (AFFIDAVIT) sequence of events in the search warrant. Therefore it is no way to ascertain the truth of the investigation without producing the proof which justifies the $300.00 of money from the Lubbock Police Department fund used in the operation.

Consequently the non existence of such proof explains why the prosecutor waived the states prosecution of the result of the described undercover operation; excluding the proof of probable cause which was a defect that rendered the search warrant void.

The prosecutor cannot waive its obligation to meet the constitutional requirement that; no warrant shall issue but upon Probable Cause.... United States Constitution Amendment 4TH.

The 4th Amendment provides that, "the right of the people to be secured in their persons, houses, papers, and effects against unreasonable searches and seizures." Require the evidence gathered as probable cause to be produced and offered to justify the issuance of the search warrant and the prosecutor cannot waive the states requirement to meet it by waiving the evidence.

The exclusion of probable cause clearly means the search warrant was no longer justified and all evidence obtained as a result, were fruit of a poisonous tree, therefore the petitioner dog died for unjustified reasons; mob violence at the hands of a tyrant whom violates the U.S. Constitutional Laws. Exclusion of Probable cause also required the exclusion of the evidence gained as the result of the search warrant as the "fruits" of the unlawful action. WONG SUN V. UNITED STATES, 371 U.S. 471 (1963), AGUILAR V. TEXAS, 378 U.S. 108 (1964).

The harmful effect of improperly admitted evidence which is obtained by illegal police practices is not cured when a defendant pleads guilty. (See) SHERLOCK V. STATE, 632 S.W. 2D 604 (1982).

5.

The exclusion and concealment of all the facts needed to verify probable cause can only be perceived as a malicious attempt to cover up fraud in efforts to manipulate the statutory requirements by fraudulently alleging to have gained incriminating evidence thru a controlled purchase that cannot be confirmed.

The exclusionary rule prohibits the prosecutor from using the fruit of an unlawful invasion as proof of probable cause, because search warrant which was unsupported by probable cause violates the Fourth Amendment of the United States Constitution; AGUILAR V. TEXAS 378 U.S. 108 (1964).

The constitutional question is upon the magistrate's unchecked discretion, which has caused the life of a pet and the unlawful invasion of privacy.

The affiant is bound by the allegations it sets out in the search warrant and [AFFIDAVIT] must provide sufficient facts needed to prove the allegations are based on real events which can be established and confirmed within the four corners of the affidavit. Which herein cannot be done, and a hearing is necessary to confirm the truthfulness of the affidavit.

[AFFIDAVIT]
The search warrant merely alleges an action with phases; without setting out dates, times or places needed to confirm the allegations. Thus the allegations don not correspond with nor can they be incorporated with any other offense report. DUE TO NO CAUSE OR DOCKET# ON THE Search Warrant OR Affidavit. ALSO NO NOTORIAL SEAL ON NEITHER THE SEARCH WARRANT OR AFFIDAVIT (Tex.APP.- Beaumont 2003. THE ABSENCE OF A NOTORIAL SEAL RENDERS AN AFFIDAVIT DEFECTIVE V.T.C.A., GOV. CODE§ 312.011 (1). VENABLE V.STATE 113 S.W.3d 797- GRANTED, 2004WL3259027) FURTHER PROVES THE AFFIDAVIT DIDN't HAPPEN.EVERY FACT TO SUPPORT PROBABLE CAUSE iS SIMPLY NOT THERE.

The petitioner would further show that officers of the Lubbock Police department illegally detained, arrested, and searched defendant in Lubbock Texas, in the course of a search pursuant to warrant on or about the 11th day of December 2012. The officers arrested petitioner at 2802 1st place.

The execution of the search warrant did not take place within the three days as required by C.C.P. Art. 18.07 (a)(2). The defendant Marques Molinar filed a pretrial motion to suppress alleging the search warrant was executed in an untimely matter. When a search warrant is not executed within the time period provided for by Tex. Code of Crim. Proc. Arts. 18.06 And 18.07 it becomes "Functus Officio" and any search whose legality depends on the warrant is unauthorized, failing to establish probable cause for issuance of search warrant.

6.

The motion to suppress should have been ruled and granted under Tex. Code of Crim. Ann. Art. 18.07 Vernon 1977. The time allowed for the execution of a search warrant shall be three whole days exclusive of the day of its issuance and the day of its execution but under Texas Code Crim. Prox. Ann. Art. 18.06 Vernon 1977. A search warrant shall be executed within a shorter period if so directed in the warrant by the magistrate. He the magistrate shortened the time for execution of the search warrant by omitting the statutory language exclusive the day of its issuance... Moreover Texas Law put no time limit on an arrest warrant. Chapter 18 times limitation apply only to the search warrant AND it was shorter then what the law provided for a search warrant in the case in hand, petitioner search warrant signed and issued by the magistrate at 1:12 p.m. on December 7,2012. The defendant claimed that the search warrant should have been executed on the 7th, 8th, 9th, or 10th day of December. The defendant claims by saying nothing in the warrant about excluding the day of the issuance. Defendant argues that the search warrant was executed at a point in time that was longer than is authorized by statue and therefore pursuant to Tex. Code of Crim. Ann. Art. 38.23 Vernon 1974 his motion to suppress should have been granted (see) WILLIAMS V. STATE 965 S.W. 2D 506 (1998). The appellant would have us hold that, by saying nothing in the warrant about excluding the day of the issuance. The magistrate directed a shorter period than article 18.07 allows. He relies on dicta in BLACKMON V. STATE, 786 S.W. 2D, 487, 469 (TEX. APP. – HOUSTON [1ST DIST.] 1990, PET. REF D), which said of a warrant with identical language:

> Here the magistrate shorted the time for execution of both
> the search and arrest warrant by omitting the statutory
> language "exclusive of the date of issuance" [T]he magistrate
> put his own time limit on this warrant and it was shorter then
> what the law provides for search warrants.

The appellant's argument and the Blackmon Dicta are based on the principal of the Legal Maxim "Expressio Unius Est Exlusio alterius" (the expression of one thing is the exclusive of another). The appellant says that since the magistrate expressly said that the day of execution was in the period of time, he must have meant that the day of issuance was not in the period because it was not

expressed within the 4 corners of the affidavit; there the magistrate put his own time limit shortening the time of execution for the search warrant. The warrant shows that it ~~was given~~ on DECEMBER 11TH OF 2012 making the search warrant therefore expired.

[handwritten: was executed at 8:38PM]

EXPARTE JOE DAY 125 TEX. CRIM. 8.66 S.W. 2D 695 (1933). When neither an affidavit nor a jurat bears any date they are fatally defective and cannot furnish any proper basis for an arrest and certainly none for a writ of Habeas Corpus.

ROBERTO HEREDIA V. STATE 468 S.W. 2D 833 (1971), the affidavit was also insufficient because the jurat was undated. The inadequacy of the affidavit to support the S.W. rendered the evidence obtained through the search illegal and therefore inadmissible.

MASSEY, 933 S.W. 2D AT 148. Whether officers ashburns affidavit articulated facts which establish probable cause.

ART 39.08 [744][827][807] authenticating the deposition---the official seal and signature of the officer taking the deposition shall be attached to the certificates authenticating the acts 1965, 59th Lea. Vol. 2d. 317, Ch. 722, EFF. Jan. 1, 1961.

Wherefore the petitioner PRAYS the constitutional relief be granted and hearing pursuant to Franks V. Delaware be set to confront Officer Walter Scott (# 18644) on the truthfulness of statements in the affidavit.

Respectfully Submitted

_Marquez Melunar_
#1895248

Petitioner filing Pro' Se

8.

SHERlock V. STATE (632 S.W. 2d) 604 (1982) - AFFIDAVIT FOR Search warrant FAILED TO STATE when acts occurred which formed basis FOR FINDING OF PROBABLE Cause, THEREBY RENDERING Search warrant illegal and introduction of Fruits of illegal search REVERSABLE ERROR.

9.

# Unsworn Declaration

## (Texas Civil Practice and Remedies Code, Section 132.001)

My name is: **Marques** **Duke** **MOLiNAR** ,
First                    Middle                      Last

my date of birth is: **01** / **05** / **62** , and
Month   Day   Year

my address is: **1620 FM 3344**   **Jacksboro**   **Texas**   **79415**
Street Address       City       State      Zip Code

and **United States of America**
Country

---

*(If you are incarcerated, you must also include the following information.)*

My inmate identifying number, if any, is: **01895248**

I am presently incarcerated in: **Lindsey State Jail Unit**
Corrections Unit Name

in: **Jacksboro**    **Jack**    **Texas**    **76458**
City        County        State      Zip Code

---

**I declare under penalty of perjury that all information in the attached document titled,**

**Memorandum of Law in Support of Article 11.07** , **is true and correct.**
Name of Document

Signed in **Jack** County, **Texas** ,
County                   State

on this date: **05** / **15** / **15** .
Month   Day   Year

*Marques Molinar*
Your Signature

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

.10.

Exhibit A:

SEARCH WARRANT

THE STATE OF TEXAS
COUNTY OF LUBBOCK

THE STATE OF TEXAS to the Sheriff or any Peace Officer of Lubbock County, Texas, or any Peace officer of the State of Texas.

GREETINGS:

WHEREAS, the Affiant whose signature is affixed to the Affidavit is a Peace officer under the laws of Texas and did heretofore this day subscribe and swear to said Affidavit before me (which said Affidavit is by this reference incorporated herein for all purposes), and whereas I find that the verified facts stated by Affidavit show that Affiant has probable cause for the belief he expresses therein and establishes the existence of proper grounds for the issuance of this warrant.

NOW THEREFORE, you are commanded to enter the suspected place located at 2802 1st Place, in Lubbock, Lubbock County, Texas. The residence is described as a single family residence, which is situated on the north side of the 2800 block of 1st Place. The building is constructed of tan stucco, having a grey composite roof, and grey trim. The front door is white in color and faces south. The numerals "2802" are painted on the curbing adjacent to the driveway. There is a large blue and silver star painted on the center portion of the driveway to the residence.

You are commanded to search for methamphetamines, and any other controlled substances, packaging materials, scales, money, and any other contraband and/or items consistent with or indicative of trafficking of controlled substances, the containers which may contain methamphetamines, any written material or electronic devices, including computers, hard drives, CD-ROM's, floppy discs, or any other magnetic or optical media that may contain records of illicit narcotics trafficking and also to include mobile devices and any device capable of communicating information about narcotic transactions. Furthermore to search for a Hispanic male known as Marques Duke Molinar with a date of birth of 1-5-1982 and is described as being 5'10" tall and weighing approximately 180 pounds, and person or persons unknown to Affiant. Furthermore to search any vehicles located at the residence belonging to, or being in control of by the occupants. Herein fail not, but have you then and there this Warrant within three (3) days, exclusive of the day of its execution, with your return there on showing how you have executed the same.

ISSUED AT ___/:/2___ o'clock, __/__.M. on this ___7___ day of __DECEMBER__, 2012, to certify which witness my hand.

_____
JUDGE PRESIDING
LUBBOCK COUNTY, TEXAS

page 1 of 1

# Unsworn Declaration
### (Texas Civil Practice and Remedies Code, Section 132.001)

My name is: __Marques__ __Duke__ __Molinar__,
First              Middle              Last

my date of birth is: __01__ / __05__ / __82__, and
Month    Day    Year

my address is: __1620 FM 3344__ __Jacksboro__ __Texas__ __7645B__
Street Address              City              State              Zip Code

and __United States of America__
Country

(If you are incarcerated, you must also include the following information.)

My inmate identifying number, if any, is: __01895248__

I am presently incarcerated in: __Lindsey State Jail Unit__
                                   Corrections Unit Name

in: __Jacksboro__ __Jack__ __Texas__ __7645B__
City              County              State              Zip Code

**I declare under penalty of perjury that all information in the attached document titled,**

__Search Warrant__
Name of Document                                    , is true and correct.

Signed in __Jack__ County, __Texas__,
              County                        State

on this date: __05__ / __15__ / __15__.
Month    Day    Year

_Marques Molinar_
Your Signature

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

-12.

EXHIBIT A:

## AFFIDAVIT FOR SEARCH WARRANT

THE STATE OF TEXAS
COUNTY OF LUBBOCK

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

1.  THERE IS IN LUBBOCK COUNTY, TEXAS, A SUSPECTED PLACE AND PERSON DESCRIBED AND LOCATED AS FOLLOWS:

    2802 1st Place, in Lubbock, Lubbock County, Texas. The residence is described as a single family residence, which is situated on the north side of the 2800 block of 1st Place. The building is constructed of tan stucco, having a grey composite roof, and grey trim. The front door is white in color and faces south. The numerals "2802" are painted on the curbing adjacent to the driveway. There is a large blue and silver star painted on the center portion of the driveway to the residence.

2.  THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF THE STATE OF TEXAS AND DESCRIBED AS FOLLOWS:

    Methamphetamine, and any other controlled substances, packaging materials, scales, money, and any other contraband and/or items consistent with or indicative of trafficking of controlled substances and/or items consistent with the manufacture of methamphetamine, the containers which may contain them, any written material or electronic devices, including computers, hard drives, CD-ROM's, floppy discs, or any other magnetic or optical media that may contain records of illicit narcotics trafficking and also to include mobile devices and any device capable of communicating information about narcotic transactions.

3.  SAID SUSPECTED PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING:

    Marques Duke Molinar, a Hispanic Male, with a date of birth of 1-5-1982 and is described as being 5'10" tall and weighing approximately 180 pounds, and person or persons unknown to Affiant.

4.  IT IS THE BELIEF OF THE AFFIANT, AND HE HEREBY CHARGES AND ACCUSES THAT:

    Above described person or persons intentionally and knowingly keep, conceal, possess, and traffic methamphetamine, which is in violation of the laws of the State of Texas.

5.  THE AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

-13-

(a) Affiant is a Peace Officer under the laws of the State of Texas and is employed in good standing with the Lubbock Police Department and assigned to the Special Operations Division as a Narcotics Investigator. Affiant has been involved in numerous investigations involving the trafficking of controlled substances, and has been a commissioned law enforcement officer for over twenty-three years. Affiant has worked with the Department of Public Safety, Lubbock Sheriff's Department, ATF, and the Drug Enforcement Administration on numerous narcotics related investigations.

(b) Affiant knows through his training and experience as a police officer, that methamphetamine traffickers commonly utilize written material or electronic devices, including computers, hard drives, CD-ROM's, floppy discs, or any other magnetic or optical media to keep and store records of illicit narcotics trafficking and also to include mobile devices and any device capable of communicating information about narcotic transactions. Affiant knows through his training and experience as a police officer, methamphetamine traffickers commonly maintain firearms to protect the controlled substances and their proceeds of narcotics sales.

(c) Affiant has personal information that methamphetamine is being trafficked, and possessed at said location. Affiant has personal information that Marques Duke Molinar resides at the said residence and is engaged daily in the trafficking of methamphetamine.

(d) Affiant is in contact with a confidential informant that has provided credible and reliable information in crimes investigated by the Lubbock Police Department. The confidential informant has purchased methamphetamine from Marques Duke Molinar in the past and has conducted two controlled purchases for methamphetamine from this subject. The informant has advised this investigator that Marques Molinar does keep firearms at his residence and has displayed one of these weapons to the informant in the past.

Within the past 72 hours the informant contacted Marques Duke Molinar by phone and arranged a purchase for methamphetamine at the direction of this investigator. The informant was given three hundred dollars of Lubbock Police funds, which were photocopied by this investigator. The informant was equipped with an audio recorder and transmitting device. The informant was driven by Investigator Fletcher to a location predetermined by Marques Molinar. Investigator Lewis maintained constant surveillance of 2802 1st Place. Investigator Lewis observed Marques Molinar leave 2802 1st Place and travel in the direction of the predetermined location. Investigator Lewis coordinated with additional investigators on the surveillance team, insuring Marques Molinar was under constant visual observation. Marques Molinar arrived at the location he determined without making any stops, entering any buildings or residences, or making contact with any other persons. Marques Molinar made contact with the informant. The informant gave Marques Molinar the Lubbock Police department funds and Molinar gave the informant a baggie containing a crystal substance. The informant returned to the vehicle and gave the substance to Investigator Fletcher. The substance was given to me by Investigator Fletcher at the Lubbock Police Narcotics office. The substance did test positive for methamphetamine with a field test kit, and was submitted to the Department of Public Safety Laboratory for further analysis.

As a result of the described undercover operation, Affiant has probable cause to believe that Marques Duke Molinar possesses methamphetamine at his residence and has stored, or is in possession of the Lubbock Police Department funds used in the operation.

page 2 of 3

Marques Duke Molinar's criminal history indicates charges for the following offenses: Possession of Marijuana (five occassions), Manufacturing or Delivery of a Controlled Substance, Possession of a Controlled Substance (five occassions), Evading Arrest or Detention, Driving While Intoxicated, Driving while License Invalid, Unlawful Restraint, Tampering with Evidence, Assault Causing Bodily Injury to a family Member (two occasions)

(e) Affiant prays that a search warrant be issued for the aforementioned residence located at 2802 1st Place, in Lubbock, Lubbock County, Texas being occupied and controlled by the aforementioned person or persons and all persons entering the residence during the execution of the search warrant and to search the people so occupying and controlling said residence.

(f) Affiant prays for forced entry into the aforementioned residence located at 2802 1st Place for reasons of officer safety and to prevent the loss or destruction of said evidence. It has been my past experience that methamphetamine traffickers are frequently armed with firearms and other weapons to protect the methamphetamine. It has also been my past experience that methamphetamine can be very easily destroyed in a residence such as the said location due to the easy access to sinks and bathrooms. It has also been my past experience that persons trafficking in methamphetamine have a contingency plan to destroy the evidence very quickly if they suspect police presence is imminent. Marques Duke Molinar is believed to be in possession of a firearm, which creates a substantial risk to officers on scene and the public. Marques Duke Molinar has been charged with assault on two prior occasions creating a potential risk for officers.

WHEREFORE, Affiant prays for issuance of a warrant that will authorize him to search said suspected place and premises for said property and seize the same.

*How can WALTER Scott work this if he was never on the Scene And observed any of this???*

_____
Walter Scott

SWORN TO AND SUBSCRIBED TO BEFORE me by said Affiant on this the 7TH day of DECEMBER AD, 2012.

_____
JUDGE PRESIDING,
LUBBOCK COUNTY, TEXAS

page 3 of 3

15

# Unsworn Declaration
(Texas Civil Practice and Remedies Code, Section 132.001)

My name is: **Marques**        **Duke**        **MOLiNAR**
First                          Middle                      Last

my date of birth is: 01 / 05 / 82 , and
Month  Day   Year

my address is: 1620 FM 3344    Jacksboro    Texas    76458
Street Address        City        State      Zip Code

and United States of America.
Country

(If you are incarcerated, you must also include the following information.)

My inmate identifying number, if any, is: 01845248

I am presently incarcerated in: LiNDSey State Jail Unit
Corrections Unit Name

in: Jacksboro        Jack        Texas        76458
City            County            State        Zip Code

**I declare under penalty of perjury that all information in the attached document titled,**

Search Warrant Affidavit
Name of Document
, **is true and correct.**

Signed in Jack
County
County, Texas
State

on this date: 05 / 15 / 15 .
Month  Day   Year

_Marques Molinar_
Your Signature

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

© TexasLawHelp.org – Unsworn Declaration, August 2012

-16.

Marques D. Molinar

v.

State of Texas

In the 137th District

Court of

Lubbock Co. Texas

## DEFENDANT MARQUES D. MOLINAR'S MOTION

## FOR HEARING PURSUANT TO FRANKS V. DELAWARE, 438 U.S. 154 (1978)

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes your Defendant Marques Duke Molinar and moves the court to grant him a hearing on the truthfulness of statements in an affidavit of Officer Walter Scott hereinafter called affiant, and requests a hearing, and would show unto the court the following:

I.

Defendant was indicted and charged for possession of methamphetamines with intent to deliver 4-200 grams on a search warrant executed on the 11th day of December, 2012 to authorize the search of the defendant's residence at 2802 First Place in Lubbock County Texas. The warrant was based on the affidavit of inspectoral Officer Walter Scott. A copy of the warrant and affidavit are attached as Exhibit A and incorporated herein.

II.

The allegations made by affiant were false statements and were made with a deliberate disregard to the affiant's knowledge of the truth. There was insufficient probable cause to support the search warrant without such false statements. (See). CATES V. STATE, 120 SW 3D 359 (2003); FRANKS V. DELAWARE.438 U.S. 154 (1978).

Attached as Exhibit A and incorporated herein is the affidavit of Officer Walter Scott unsupported statements to attempt to show probable cause without providing any dates, times, or locations of the alleged purchase excluding all supporting facts needed to verify the truth of the statement.

Wherefore defendant prays that the court grant him a hearing on the truthfulness of statements made in the affidavit and that the court finds that such statements are false: the court suppress all evidence seized as a result of the search warrant.

*Marques Molinar*

Respectfully Submitted

Petitioner filing Pro' Se

-17-

# Unsworn Declaration

### (Texas Civil Practice and Remedies Code, Section 132.001)

My name is: **Marques** **Duke** **MOLINAR**,
_First_ _Middle_ _Last_

my date of birth is: **01** / **05** / **82**, and
_Month_ _Day_ _Year_

my address is: **1620 FM 3344** **Jacksboro** **Texas** **76458**
_Street Address_ _City_ _State_ _Zip Code_

and **United States of America**.
_Country_

---

(If you are incarcerated, you must also include the following information.)

My inmate identifying number, if any, is: **01895248**

I am presently incarcerated in: **LINDSEY State Jail Unit**
_Corrections Unit Name_

in: _____
_City_ _County_ _State_ _Zip Code_

---

**I declare under penalty of perjury that all information in the attached document titled,**

**DEFENDANT Marques D. MOLINARS Motion FOR HEARING Pursuant to FRANKS V. Deleware**
_Name of Document_
**, is true and correct.**

Signed in **Jack** _____ County, **Texas** _____,
_County_ _State_

on this date: **05** / **05** / **15**.
_Month_ _Day_ _Year_

**Marques Molinar**
_Your Signature_

---

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

© TexasLawHelp.org – Unsworn Declaration. August 2012

Page 1 of 1

-18-

Cause No. <u>2013-437035</u>

The State of Texas

V.

Marques D. Molinar

In the <u>137TH</u> District
Court of
<u>LUBBOCK</u> Co., Texas

## REQUEST FOR DESIGNATION OF THE RECORD ON APPEAL

To the Honorable Judge of Said Court:

Now comes Marques D. Molinar the appellant in the above cause under the authority of U.S. Const. XIV and Texas Rules of Appellate Procedure 34.5 and makes this Request for Designation of the Record on Appeal to prepare the brief and in support would show the court the following:

I.

The appellant moves the court to order the clerk and court reporter to produce and permit the inspection of the following designated items:

1. Any affidavit of the complainant, police reports witness statements and all other documents within the file jacket's Bill of Particulars submitted and found to be sufficient evidence justifying the Grand Jury charge.
2. All plea offers by the court and any special plea agreement.
3. Complete court Docket Call Sheet.
4. Orders granting search warrant submitted to the court.
5. All documented evidence which was filed in the development of this case by investigators.
6. A list of all things seized as the result of the search exhibits recorded in the evidence.
7. The court findings and conclusions of guilt, the judgment and the sentence.
8. All motions filed by counsel in the defense of accused.
9. All investigative reports before the search warrant were granted.

19.

In support of this motion the appellant ascertains that the items requested are not privileged and the appellant would be denied a full and fair opportunity to fully litigate on appeal all the issues accurately which would severely prejudice the outcome of the proceeding.

Wherefore, premises considered the appellant respectfully prays this honorable court will grant this request for the record on appeal.

Respectfully Submitted

Marques Molinar

Petitioner/filing Pro' Se

20.

# Unsworn Declaration

*(Texas Civil Practice and Remedies Code, Section 132.001)*

My name is: __MARQUES__ __DukE__ __Molinar__ ,
   First            Middle              Last

my date of birth is: __01__ / __05__ / __82__ , and
              Month   Day    Year

my address is: __1620 FM 3344 Jacksboro Texas 76458__
        Street Address       City      State    Zip Code

and __United States__ .
      Country

---

*(If you are incarcerated, you must also include the following information.)*

My inmate identifying number, if any, is: __01895248__ .

I am presently incarcerated in: __Lindsey State Jail Unit__
                                  Corrections Unit Name

in: __Jacksboro__ __Jack__ __Texas__ __76458__ .
      City        County     State      Zip Code

---

**I declare under penalty of perjury that all information in the attached document titled,**

__REQUEST FOR DESIGNATION OF THE Record ON APPEAL__ **, is true and correct.**
                Name of Document

Signed in __Jack__ County, __Texas__ ,
              County                State

on this date: __05__ / __15__ / __15__ .
             Month   Day   Year

__Marques Molinar__
**Your Signature**

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

© TexasLawHelp.org – *Unsworn Declaration*, August 2012

 21.

The State of Texas                                    In the 137th District
Vs.                                                    Court of
Marques D. Molinar                       Lubbock Co. Texas

## Motion to Suppress Evidence

The petitioner Marques D. Molinar in the above entitled and numbered cause moves this honorable court to suppress the following evidence pursuant to Art. 18.13 And 18.19 of the Texas Code of Criminal Procedure.

1.  All tangible evidence seized by law enforcement officers or others in connection with the detention and arrest of the defendant in this case.
2.  All written and oral statements made by the defendant to any law enforcement officers or others in connection with this case.
3.  Testimony of law enforcement officers or others concerning any action of the defendant while under detention or arrest in connection with this case.
4.  Testimony of law enforcement officers or other concerning the tangible evidence or statements to which reference was made above.

In support of this motion the defendant not petitioner will show this court the following:

### I.

The detention and subsequent arrest of the petitioner was illegal and in violation of the Fourth, Firth and Fourteenth Amendments of the Constitution of the United States and Chapter 14 of the Texas Code of Criminal Procedure (see) <u>Franks V. Delaware, 438 U.S. 154 (1978)</u>.

### II.

Any tangible evidence seized without lawful warrant probable cause or other lawful authority in violation of the petitioners rights under the Fourth and Fourteenth Amendment to the United States Constitution Art. I. Section 9 of the constitution of the State of Texas. And Chapter 14 and 38 of the Texas Code of Criminal Procedure.

.22.

**III.**

Any statements obtained from defendant were obtained in violation of defendant's rights under the Fourth, Fifth, Sixth, And Fourteenth Amendments to the United States Constitution Art 1. Section9. 10. and 19 of the Constitution of the State of Texas and Chapter 14 and articles 38.22 and 38.23 of the Texas Code of Criminal Procedure.

**IV.**

All evidence and testimonies as the result of this arrest would be the product of a violation of petitioners Rights under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution Article 1 Section 9.10 and 19 of the Constitution of the State of Texas and Chapter 14 and Articles 38.21, 38.22 and 38.23 of the Texas Code of Criminal Procedure.

Wherefore, the petitioner prays this honorable court find the detention and subsequent arrest of petitioner where unlawful and that any and all evidence tangible and intangible oral or otherwise obtained as a result of said detention and arrest be suppressed and excluded from evidence in this case.

Respectfully Submitted

Marques Molina

Petitioner filing Pro' Se

23.

# Unsworn Declaration
(Texas Civil Practice and Remedies Code, Section 132.001)

My name is: Marques Duke MOLINAR
First / Middle / Last

my date of birth is: 01 / 05 / 82 , and
Month / Day / Year

my address is: 1620 FM 3344 Jacksboro Texas 76458
Street Address / City / State / Zip Code

and UNited STATES oF America .
Country

*(If you are incarcerated, you must also include the following information.)*

My inmate identifying number, if any, is: 61895248

I am presently incarcerated in: LiNdSEy STATE Jail UNit
Corrections Unit Name

in: Jacksboro Jack Texas 76458 .
City / County / State / Zip Code

I declare under penalty of perjury that all information in the attached document titled,

Motion to Suppress Evidence
Name of Document

, is true and correct.

Signed in JAck County, Texas ,
County / State

on this date: 05 / 15 / 15 .
Month / Day / Year

Marques Molinar
Your Signature

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

24

Cause No. 2013-437,035-A          WR-83,242-01

MARQUES D. MOLINAR                    IN the 137th District Court

.V.                                   OF

State OF Texas                        Lubbock County, Texas

Petitioners Objections to the States Response
FINDINGS OF FACT AND conclusions of LAW

To THE HONORABLE court of Criminal Appeals of Texas:,

AFTER a REVIEW OF THE STATES PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW it is FOUND THAT THE STATE RAISES NO ARGUEABLE ISSUES OF LAW NOR cite AN LEGAL AUTHORITIES To SUPPORT ITS ERRONEOUS FINDINGS WHICH THE PETITIONER WILL SHOW ARE FAR FROM FACTS IN LAW AS APPLIED TO ISSUES HEREIN THE FOLLOWING:

## I.

THE STATE claimed that;"THE APPLICANT HAS WAIVED ALL THREE GROUNDS by FAILING TO Raise THEM EITHER at the TRIAL COURT level OR ON APPEAL THEREFORE APPLICANT HAS ABANDONED HIS COMPLAINT AND CAN NOT RAISE THEM FOR THE FIRST TIME ON HABEAS REVIEW."

THUS IN ACCORDANCE To THE Current LAW, WHEN A SEARCH WARRANT AFFIDAVIT IS CHALLENGED AS NOT PROVIDING THE DEFENDANT WITH ADEQUATE NOTICE OF THE ACTS STATED AS THE UNDERLYING GROUNDS FOR PROBABLE CAUSE, THE Search

page 1 of 4     25.

warrant is examined FROM THE DEFENDANTS VIEWPOINT. DEFECTS IN THE Search Warrant AFFiDAViT causes IT TO FAIL THE JurisDICTIONAL REQuirements. A **CONSTITUTIONAL** Error THAT CAN NOT BE "cured" bY SUBSEQUENT PROCEEDINGS AND THE PETITIONER CAN NOT WAIVE THE PROSECUTERS CONSTITUTIONAL REQuiREMENT TO FOLLOW THE DUE PROCESS STANDARD OF THE LAW. THUS, JudiCaiL ACTION WITHOUT JURISDICTION IS VOID. (See) MURK V. STATE, 775 S.W. 2d 415 (1989).

## II.

THE 4th AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES HAS PROVIDED THAT, "No Warrant SHALL issue but UPON PROBABLE cause."

Sufficient Probable Cause iNVESTS an officer with Jurisdiction to ENTER, Search and SEIZE iTEMS described in the affidAvit.

Proper notice oF PROBABLE cause iN an affidavit (Search warrant affidAvit) should be easily VERiFiABLE and an actual location of the alleGed controled Purchase should be able to be confirmed, to SHOW THE ACTUAL COMMISSION OF THE OFFENSE THAT GAVE GROUNDS FOR THE PREPERATION OF THE SEARCH WARRANT AFFiDAViT TO REQUEST THAT THE MAGISTRATE GRANT AUTHORITIES WITH Jurisdiction to ENTER, Search and SEIZE Particular items described, because, "THE ALLEGED GROUNDS used FOR PROBABLE cause SHOULD ADEQUATELY CHARGE THE COMMISSION OF A REAL OFFENSE iN A WAY WHICH GIVES AN ACCUSE SUFFicieNT Notice FOR THE PrePeRation OF A

DEFENSE, IF A DEFENDANT CHOOSES TO EXERCISE HIS CONSTITUTIONAL RIGHT TO PROCEED TO TRIAL."

THEREFORE HEREIN, THE SEARCH WARRANT affidavit should have described the location, date, AND TIME THAT THE AFFIANT claimed THE Petitioner was involved IN THE ALLEGED controled PURCHASE. INFORMATION vitally NEEDED TO NOT ONLY VERIFY THE ACT BUT ALSO TO PROPERLY INFORM THE PETITIONER OF THE NATURE AND WHAT GAVE cause FOR THE HOME INVASION, search and seizure OF PROPERTY, ASWELL AS PROVIDE THE ACCUSED WITH AN OPPORTUNITY TO HAVE COMPULSORY PROCESS TO OBTAIN WITNESSES IN HIS FAVOR IF A REASONABLE ALIBI DEFENSE EXIST CONCERNING HIS WERE ABOUTS AT THE TIME IN QUESTION.

WITHOUT PROVIDING A TIME, DATE, OR LOCATION OF THE ADVERT ACT THE Petitioner was denied PROPER NOTICE AND THE ABILITY TO HAVE COMPULSORY PROCESS THEREFORE HE could not call witnesses IN HIS FAVOR, A 6th AMENDMENT Violation WHICH caused a PREJUDICE TO HIS ABILITY TO DEFEND HIMSELF AGAINST THE FALSE ALLEGATIONS IN THE AFFIDAVIT WHICH SUPPORTED THE SEARCH WARRANT causing A DEFECT OF THE CONSTITUTIONAL NATURE WHICH RENDERS THE Search Warrant Void.

THEREFORE THE APPLICANTS 3 GROUNDS FOR RELIEF SHOUD BE GRANTED AS WELL AS THE Motion To SUPPRESS ALL EVIDENCE GAINED AS THE RESULT OF THE Constitutional DEFECT IN THE SEARCH Warrant affidavit.

SIGNED THIS __11__ day of MAY _____, 2015.

RESPECTFULLY Submitted

Marques Molinar

APPLICANT

# Unsworn Declaration
### (Texas Civil Practice and Remedies Code, Section 132.001)

My name is: __MARQUES__ __DUKE__ __MOLINAR__ ,
First                  Middle             Last

my date of birth is: __01__ / __05__ / __82__ , and
Month   Day   Year

my address is: __1620 FM 3344 Jacksboro Texas 76458__
Street Address       City      State    Zip Code

and __United States__ .
Country

---

(If you are incarcerated, you must also include the following information.)

My inmate identifying number, if any, is: __01895248__ .

I am presently incarcerated in: __Lindsey State Jail Unit__
Corrections Unit Name

in: __Jacksboro__ __Jack__ __Texas__ __76458__ .
City       County      State    Zip Code

---

**I declare under penalty of perjury that all information in the attached document titled,**

Petitioners objection to the states responce findings of fact and conclusions of law, **is true and correct.**
Name of Document

Signed in __Jack__ County, __Texas__ ,
County           State

on this date: __05__ / __11__ / __15__ .
Month  Day  Year

_Marques Molinar_
Your Signature

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

29.